Roberto Robledo (260041)
LAW OFFICES OF ROBERTO ROBLEDO
9845 Erma Road, Suite 300
San Diego, California 92131
(619) 500-6683
(619) 810-2980 fax
roberto@robertorobledo.com

Attorneys for Plaintiff Joseph Megow

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Joseph Megow**, an individual, | Case No. **'17CV0104 GPC NLS** |
| Plaintiff, | **Complaint for Damages** |
| v. | Jury Trial Demanded |
| **Chase Bank USA, N.A.**, | |
| Defendant. | |

## Introduction

1. Joseph Megow ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Chase Bank USA, N.A. ("Defendant"), and their agents with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt, causing Plaintiff damages.

2. For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

## Jurisdiction and Venue

Complaint—1

3. Jurisdiction arises under 28 U.S.C. § 1331 and pursuant to 47 U.S.C. § 227, and 28 U.S.C § 1367 for pendent state law claims.

4. This action arises out of Defendant's repeated violations of the following: the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

5. Venue is proper in this District pursuant to 28 U.S.C § 1391(b), in that Plaintiff resides in this District, Defendant transacts business in this District and the acts giving rise to this action occurred in this District.

## Parties

6. Plaintiff is a natural person who resides in San Diego, California, from whom a debt collector sought to collect a consumer debt which was due and owing from Plaintiff and is a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

7. Defendant is a national bank and issuer of consumer revolving debt. Defendant is organized under the National Banking Act, has its principal place of business in Wilmington, Delaware, and does business in every state including California.

8. Defendant is not an attorney or counselor at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c).

## Factual Allegations

9. Cal. Civ. Code § 1788.2(d) and § 1788.2(f) define the terms "debt(s)" and "consumer debt" as money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person. On or around October 2007, Plaintiff who is a natural person, obtained a Chase Ink

Complaint—2

1  Credit Card, with an account number ending in 2844.  Subsequently, Plaintiff made
2  purchases with the card, and maintained a balance on the card.  Accordingly, this
3  financial obligation meets the definition of "debt(s)" and "consumer debt" under
4  Cal. Civ. Code § 1788.2(d) and § 1788.2(f).

5     10.   Cal. Civ. Code § 1788.2(e) sets out the definition of "consumer credit
6  transaction" as the acquisition of property, services or money on credit primarily
7  for personal, family, or household purposes.  The debt incurred by Plaintiff was for
8  personal, family, or household purposes, including general living expenses, such as
9  gas, food, and personal items, meeting the criteria for "consumer credit
10 transaction" under Cal. Civ. Code § 1788.2(e).

11    11.   On or around November 2015, Plaintiff was unable to make his
12 regularly scheduled minimum payments on his Chase credit card account, and he
13 thereafter defaulted on the debt.

14    12.   Subsequent to defaulting on the debt, Defendant began their collection
15 attempts from Plaintiff.

16    13.   From December 2015 to February 2016, Defendant and the collectors
17 employed by Defendant repeatedly and willfully contacted Plaintiff on his cellular
18 telephone in an effort to collect the debt, which were "debt collection[s]" as that
19 term is defined by Cal. Civ. Code § 1788.2(b).

### Telephone Consumer Protection Act

21    14.   At all times relevant to this Complaint, Plaintiff was a "person" as
22 defined by 47 U.S.C. § 153(39).

23    15.   At all times relevant to this Complaint, Plaintiff was and is the regular
24 and exclusive user of cellular telephone services within the United States and was
25 the intended recipient of the calls he received.

26    16.   At all times relevant to this Complaint, Defendant has used,
27 controlled, and/or operated "automatic telephone dialing systems" as defined by 47
28 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

Complaint—3

### *Illegal Auto-Dialed Collection Calls*

17. Beginning in or around December 2015, Defendant and its agents began calling Plaintiff's cellular telephone using telephone equipment that meets the definition of an automatic telephone dialing system ("ATDS") as set out in the TCPA and regulations.

18. Plaintiff is the regular and exclusive user of a cellular telephone number (XXX) XXX-4701, where he received ATDS calls from Defendant, and is the sole and exclusive holder and user of said cellular telephone.

19. On December 7, 2015, fed up with the inescapable, continuous and repetitious ATDS calls from Defendant, Plaintiff answered a call he received from Defendant, and speaking to one of Defendant's agents, demanded that the calls to his cell phone cease. Defendant's agent stated that he would update the account with the request.

20. On December 12, 2015, Plaintiff once again received a call from Defendant on his cellular telephone. Plaintiff spoke with Defendant's agent Yvonne and requested that the calls stop.

21. Despite the requests by Plaintiff, the ATDS calls continued throughout December, January, and February of 2015.

22. The following is a sample of the dates in which Plaintiff received an unauthorized call from Defendant: 12/17/15, 12/23/15, 12/29/15, 1/13/16, 2/2/16.

23. Subsequent to Plaintiff's request to Defendant that the ATDS calls to his cellular telephone stop, Defendant and its collectors and agents made at least twenty seven (27) ATDS calls to Plaintiff's cellular telephone in an attempt to collect on this debt in willful violation of the TCPA.

24. None of these ATDS calls were made with Plaintiff's prior express consent and all of these ATDS calls were made willfully after Plaintiff had revoked Defendant's right to make calls to his cellular telephone.

Complaint—4

25. Upon good faith information and belief, Defendant employed the use of a predictive dialer in making all or some of the calls complained of herein as Plaintiff heard pre-recorded messages as well as long pauses or silence when he answered the phone.

26. The automated calls as well as the pre-recorded messages delivered to Plaintiff's cellular telephone after he revoked Defendant's right to make ATDS calls to his cellular telephone are separate and distinct violations of the TCPA, giving rise to separate statutory and treble damages of $1,500 for each call, as well as $1,500 for each pre-recorded message delivered to Plaintiff's cellular telephone after he revoked Defendant's right to call him.

### *Rosenthal Fair Debt Collection Practices Act*
### *Illegal Auto-Dialed Collection Calls*

27. The California Rosenthal Fair Debt Collection Practices Act ("RFDCPA") has adopted the acceptable standards of debt collection conduct for original creditors such as Defendant, Cal. Civ. Code § 1788, and has adopted the standards under the federal Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.*, by reference.

28. Defendant's collection conduct with respect to Plaintiff in illegally collecting a debt, namely by placing calls in violation of the TCPA, is an otherwise unfair and unconscionable means of collecting a debt and therefore violates 15 U.S.C § 1692f, and by extension the RFDCPA.

29. The natural consequence of Defendant placing twenty seven (27) illegal calls to Plaintiff's cellular telephone, after Plaintiff requested that these automated ATDS calls to his cellular telephone cease, was to annoy, harass, oppress, or abuse Plaintiff and therefore Defendant violated 15 U.S.C §§ 1692d, 1692d(5), and by extension the RFDCPA, Cal. Civ. Code § 1788.11(d).

Complaint—5

30. Plaintiff felt frustrated and helpless as a result of the calls. The unrelenting, repetitious calls at all hours of the day disrupted Plaintiff's daily activities and peaceful enjoyment of his personal and professional life.

31. In violating 15 U.S.C §§ 1692f, 1692d, and 1692d(5), Defendant's actions also violated Cal. Civ. Code § 1788.17.

### *Summary*

32. All of the above-described calls made to Plaintiff by Defendant were made in made in willful violation of numerous and multiple provisions of the TCPA and RFDCPA, as well as an invasion of his privacy.

33. Defendant's actions as described herein left Plaintiff feeling helpless and victimized, as he was unable to stop the persistent and intrusive calls from Defendant.

34. Defendant's persistent autodialed calls eliminated Plaintiff's right to be left alone.

35. These persistent autodialed collection calls eliminated the peace and solitude that Plaintiff would have otherwise had.

36. Defendant's actions constituted unauthorized use of, and interference with Plaintiff's cellular telephone service associated with the number ending in 4701 for which Plaintiff paid money.

37. Plaintiff's cellular telephone account was charged money for each call Defendant made to Plaintiff's cellular telephone.

38. Plaintiff's cellular telephone line was tied up each time Defendant placed a call to his cellular telephone.

39. The battery on Plaintiff's cellular telephone was drained each time Defendant placed a call to Plaintiff's telephone, every time Plaintiff listened to a voicemail message from Defendant, and every time Plaintiff answered his phone and spoke to Defendant.

Complaint—6

40. Every time Plaintiff's battery on his cellular telephone was drained by Defendant's unauthorized calls, Plaintiff was required to recharge his phone, and Plaintiff paid the cost of the electricity required to recharge his phone.

41. Plaintiff was forced to waste his time and mental energy after he requested that Defendant stop calling his cellular telephone every time he heard his phone ring alerting him to an incoming call from Defendant, every time he listened to a voicemail message left for him from Defendant, and every time he answered his phone and spoke to Defendant.

## First Claim for Relief—Telephone Consumer Protection Act
## 47 U.S.C. § 227(b)(1)

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Within a four-year period immediately preceding this action, Defendant made at least twenty seven (27) calls to Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA.

44. Within a four-year period immediately preceding this action, Defendant delivered an unknown number of prerecorded and/or synthesized messages to Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA.

45. As a direct and intended result of the above violations of the TCPA, Defendant caused Plaintiff to sustain damages.

46. Defendant did not have prior express consent from Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

47. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

48. Defendant willfully and knowingly violated the TCPA, and as such Plaintiff is entitled to $1,500.00 per phone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

49. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting Plaintiff on Plaintiff cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

### Second Claim for Relief—Rosenthal Fair Debt Collection Practices Act
### California Civil Code §§ 1788-1788.32

50. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

51. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

52. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant; and an award of remedies arising under 15 USC § 1692k of actual damages, statutory damages of $1,000.00, costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.17 from Defendant.

### Third Claim for Relief—Invasion of Privacy by Intrusion Upon Seclusion

53. Plaintiff re-alleges and incorporates by reference the above paragraphs as through set forth fully herein.

Complaint—8

54.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C § 1692(a) (emphasis added).

55.     Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C § 6801(a) (emphasis added).

56.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

57.     Defendant interfered intentionally and/or, negligently, physically or otherwise with the solitude, seclusion, private concerns, and affairs of Plaintiff, namely, by repeatedly calling Plaintiff's cell phone in an effort to collect a debt after his requests that the calls cease.  Defendant's conduct invaded Plaintiff's right to privacy and seclusion.

58.     Defendant's engagement in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy

by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

59. Defendant's conduct impacted Plaintiff's professional and personal life causing feelings of anger, frustration, helplessness, and stress.

60. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual and punitive damages from Defendant in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### **Telephone Consumer Protection Act**

1. an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) from Defendant;
2. an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) from Defendant;
3. an injunction prohibiting Defendant from contacting Plaintiff on his cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

### **Rosenthal Fair Debt Collection Practices Act**

4. an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
5. an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;
6. an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant;
7. an award of remedies arising under 15 USC § 1692k of actual damages, statutory damages of $1,000.00, costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.17,

Complaint—10

from Defendant.

**Invasion of Privacy by Intrusion Upon Seclusion**

8. for an award of actual damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent invasions of privacy by intrusion upon seclusion in an amount to be determined at trial and for Plaintiffs; and

9. for such other and further relief as may be just and proper.

Dated:   January 19, 2017

Law Offices of Roberto Robledo

*/s/ Roberto Robledo*

Attorneys for Plaintiff Joseph Megow

Complaint—11